USM-285 is a 5-part form. Fill out the form and print 5 copies. Sign as needed and route as specified below.

**U.S. Department of Justice**
United States Marshals Service

## PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

08/28/2006

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Judgment Holder Windsor Asset Management, Inc. | 2:01-mc-00021-KSH |
| DEFENDANT | TYPE OF PROCESS |
| Walsh Securities Corp. a/k/a Walsh Securities, Inc. et al. | writ |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Robert A. Magnanini, Esquire    Boies Schiller & Flexner, LLP
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
150 JFK Parkway    Short Hills, NJ 07078

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Keith A. Bonchi, Esquire
Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill
660 New Road, Suite 1A
Northfield, NJ 08225

| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

RECEIVED-CLERK U.S. DISTRICT COURT
2006 NOV 20 P

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Signature of Attorney other Originator requesting service on behalf of:   ☐ PLAINTIFF   ☐ DEFENDANT
Judgment Holder, Windsor Asset Management, Inc.
TELEPHONE NUMBER: (609) 646-0222
DATE: 8/14/06

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | E | 8/23/06 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☑ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above (See remarks below)

Name and title of individual served (if not shown above)
X Eileen Burn

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address (complete only if different than shown above)

Date: 08/29/2006    Time: 3:04 ☐ am ☑ pm
Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including endeavors | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| $45.00 | $9.87 | | $54.87 | | $0.00 |

REMARKS:
8/29/06 sved at 3:04pm 1m @ .36¢ per mile
total mileage - 27.4 mi

PRINT 5 COPIES:
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/15/80
Automated 01/00

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 2:01-mc-00021-KSH
Case No. 98-0223
***PLURIES*** **WRIT OF EXECUTION**
**FOR REGISTERED JUDGMENTS**

**TO THE MARSHAL OF THE UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY**

    **WHEREAS**, judgment was entered on the 4th day of **January, 2001** in an action in the United States District Court, **Southern District of New York** between **Cityscape Corp.** plaintiff(s) and defendant(s) in favor of said **Cityscape Corp.** and against said **Walsh Securities Corp., a/k/a Walsh Securities, Inc., a/k/a Walsh Securities Incorporated, a/k/a Walsh Holdings, a/k/a Walsh Holdings, LLC, a/k/a Walsh Holdings, Inc., a/k/a Walsh Property, Inc., a/k/a Walsh Property, LLC, f/k/a GF Mortgage Corp., GF Holdings, Inc., a/k/a GF Holdings, LLC, a/k/a GF Property, Inc., a/k/a GF Property LLC, n/k/a Equity Rewards Mortgage, Inc., a/k/a WSI, Inc., a/k/a Fireside Financial, Inc., a/k/a Real Money, Inc.** for the sum of **$4,732,568.93** and costs taxed in the sum of **$-0-** (the "Judgment") and assigned to **Cherokee Solutions, Inc., n/k/a Cherokee Resolutions, Inc.** by Assignment of Judgment dated May 26, 2004 and assigned to **Windsor Asset Management, Inc. (the "Judgment Holder")** by Assignment of Judgment dated February 8, 2006 as appears by the Judgments filed in the Office of the Clerk of the United States District Court, District of New Jersey; **and**

    **WHEREAS**, the said Judgment was duly entered in the Office of the Clerk of the United States District Court, District of New Jersey, and the sum of **$4,732,568.93**, plus taxed costs[1] in the sum of **$-0-**, **plus post-judgment interest**[2] is now actually due thereon;

    **THEREFORE**, you are hereby commanded to satisfy the said Judgment out of the personal property of the said judgment debtor, as set forth in the attached affidavit, and if sufficient personal property cannot be found, then out of the real property belonging to such judgment debtor at the time said Judgment was entered in the Office of the Clerk of this Court, or at any time thereafter, in whosoever hands the same may be, as set forth in the attached affidavit and that you do pay the moneys realized by you from such property directly to said **Judgment Holder** or to their attorney in the said action, and return this execution and your proceedings thereon within one (1) year after date of its issuance to the Clerk of the United States District Court, District of New Jersey.

    **WE FURTHER COMMAND YOU**, that in case of a sale, you make return of this Writ with your proceedings thereon before said Clerk and pay to the Clerk of this Court any surplus in your hands within thirty (30) days after said sale.

---

[1] The Judgement Holder reserves the right make an application to add on the costs and legal fees for post judgment collection efforts.

[2] The Judgment Holder reserves the right to add on additonal post-judgment interest that has accrued on the Judgment since August 12, 2006, in the event that the principal amount of the Judgment is satisfied by assets seized.

**WITNESS**, the Honorable _Katharine S. Hayden_, a Judge of the United States District Court, District of New Jersey this _16_ day of _August_, 2006.

Prepared by:

_____
Keith A. Bonchi, Esquire

Address:  Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill
660 New Road, Suite 1A
Northfield, NJ 08225

William T. Walsh, Clerk
United States District Court

By: _Charlie Sanders_
Deputy Clerk

LEVY:
| | |
|---|---|
| Damages | $4,732,568.93 |
| Costs | $     -0- |
| Interest[2] from January 4, 2001 | $1,416,610.68 |
| TOTAL | $6,149,179.61 |

Besides Marshal's Execution Fees

Civil Action No. 2:01-mc-00021-KSH
Case No. 98-0223

## *PLURIES* WRIT OF EXECUTION FOR REGISTERED JUDGMENTS

COUNTTY OF ATLANTIC:

STATE OF NEW JERSEY:

**AFFIDAVIT**

**KEITH A. BONCHI, ESQUIRE** being duly sworn, says:

1. I am the attorney for Judgment Holder/Creditor in the matter of Cityscape Corp. v. Walsh Securites, Corp., Misc. Action No. 2:01-00021 (KSH), Case No. 98-0223, and in that capacity and in conformance with N.J.S. 2A:17-1, <u>et. seq.</u>, as made applicable to this case by Rule 69(a), Fed. R. Civ. P., I have reviewed documents and information regarding the judgment debtor's assets as provided on behalf of the judgment debtor, if any were so provided, as well as public records thereof.

2. I have determined the following non-exempt personal property of the judgment debtor is subject to execution in satisfaction of the judgment therein:

| PROPERTY DESCRIPTION | PROPERTY LOCATION |
|---|---|
| <u>Any and all assets</u> or the proceeds of any settlement in the name of **Walsh Securities Corp., a/k/a Walsh Securities, Inc., a/k/a Walsh Securities Incorporated, a/k/a Walsh Holdings, a/k/a Walsh Holdings, LLC, a/k/a Walsh Holdings, Inc., a/k/a Walsh Property, Inc., a/k/a Walsh Property, LLC, f/k/a GF Mortgage Corp., GF Holdings, Inc., a/k/a GF Holdings, LLC, a/k/a GF Property, Inc., a/k/a GF Property LLC, n/k/a Equity Rewards Mortgage, Inc., a/k/a WSI, Inc., a/k/a Fireside Financial, Inc., a/k/a Real Money, Inc. (collectively "Walsh Securities")**, in the possession, custody or control of Robert A. Magnanini, Esquire or the law firm of Boies, Schiller & Flexner, including but not limited to any proceeds from the matter of <u>Walsh Securites, Inc. v. Cristo Property Management</u> (Civil Action No. CV-97-3496). This includes any settlement proceeds to come into the possession of the Boies, Schiller & Flexner law firm. | Contact at Location:<br>**Robert A. Magnanini, Esq.**<br>(973) 218-1111<br><br>Boies Schiller & Flexner, LLP<br>150 JFK Parkway<br>Short Hills, NJ 07078 |

3. I have determined the following non-exempt real property of the judgment debtor is subject to execution in satisfaction of the judgment therein:

_____
KEITH A. BONCHI, ESQUIRE

Subscribed and sworn before me this 14th day of August, 2006

_____
JANET A. BROWN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March 18, 2009
ID # 2057569

**RETURNABLE ON OR BEFORE**
8 | 14 | 07

Recorded in the Clerk's Office of the United States District Court for the District of New Jersey in Book _N06_ of Execution, Page _161_.

William T. Walsh, Clerk
United States District Court

By: _Charlie Sanders_
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CITYSCAPE CORP.,

                 Plaintiff,

-against-

WALSH SECURITIES,

                 Defendant.
----------------------------------------------------------X

98 CIVIL 0223 (SHS)
CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT
JUDGMENT #01,0012

I, J. Michael McMahon, Clerk of this United States District Court certify that the attached is a true and correct copy of the judgment entered in this action on January 4, 2001 as it appears in the records of this court, and that * no notice of appeal has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on April 23, 2004.

                                        J. Michael McMahon
                                        Clerk

                                        (By) Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

CITYSCAPE CORP.,

        Plaintiff,

        v.

WALSH SECURITIES CORP.,

        Defendant.

------------------------------x

98 Civ. 223 (SHS)

<u>JUDGMENT AND ORDER</u>

\# 01, 0012

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Cityscape Corp. ("Cityscape") having moved this Court on October 22, 1999 for partial summary judgment on Cityscape's breach of contract claim against defendant Walsh Securities Corp., ("Walsh") for 32 loans (the "New Jersey Loans") and

    The Court having given due and careful consideration to the matters at issue and having set forth its findings of fact and conclusions of law in Opinions dated June 8, 2000, and October 20, 2000:

    WHEREAS, this Court's Order dated June 8, 2000 granted Cityscape partial summary judgment on Cityscape's claims relating to the 32 New Jersey Loans;

    WHEREAS, this Court's Order dated October 20, 2000 denied Walsh's claim for an offset of Cityscape's damages;

A CERTIFIED COPY
J. MICHAEL McMAHON,   CLERK

BY _____
       DEPUTY CLERK

WHEREAS, this Court's Order dated October 20, 2000 determined that Cityscape's damages were $4,732,568.93;

IT IS HEARBY ORDERED AND ADJUDGED as follows:

1. Cityscape is granted partial summary judgment on its claim for breach of contract for the 32 New Jersey Loans;

2. Cityscape's motion for an order awarding damages for the 32 New Jersey Loans is granted;

3. Cityscape is awarded damages in the amount of $4,732,568.93;

4. Walsh is granted summary judgment on its motions to dismiss Cityscape's claims relating to the Appraisal Variance Loans;

5. Walsh's counterclaims are dismissed.

Dated: New York, New York
December ___, 2000

SO ORDERED: 1/2/01

_____
Sidney H. Stein, U.S.D.J.

80155400_1.DOC

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 1-4-01

2

Prepared by:

_____
Nancy A. Washington
An Attorney at Law of
the State of New Jersey

May 26, 2004

## ASSIGNMENT OF JUDGMENT

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt and adequacy of which is hereby acknowledged, **CITYSCAPE CORP.**, a/k/a **Cityscape Mortgage Corp.**, c/o AMC Financial, P.O. Box 8160, Waco, Texas 76714, ("Assignor") hereby grants, assigns, transfers and conveys to **CHEROKEE SOLUTIONS, INC.**, P.O. Box 6357, East Brunswick, NJ 08816, its successors and assigns ("Assignee"), without recourse, all of its right, title and interest in and to that certain Judgment entered on January 2, 2001, by the United States District Court for the Southern District of New York, in the action entitled Cityscape Corp. v. Walsh Securities Corp., in Civil Action No. 98-0223(SHS), granting judgment in favor of plaintiff and against defendant in the amount of $4,732,568.93.

This Assignment of Judgment shall be binding on the parties and their respective successors and assigns.

This Assignment of Judgment is without recourse to Assignor in any manner whatsoever.

This Assignment of Judgment is made in accordance with and subject to the terms of a certain Assignment Agreement between Assignor and Assignee dated as of May 26, 2004.

**IN WITNESS WHEREOF**, the undersigned has executed this Assignment of Judgment on this 26th day of May, 2004.

ATTEST:                                                                 CITYSCAPE CORP.

_____                          By: _____
Name: Heyward Taylor                                            Name: Bill N. Goss
Title: Chairman                                                         Title: President

## CORPORATE ACKNOWLEDGMENT

STATE OF TEXAS      :
                    : S.S.:
COUNTY OF           :

Be it remembered, that on this 26th day of May, 2004, before me, the subscriber, in and for said county, personally appeared **BILL N. GOSS** who, I am satisfied is the person who assigned the within instrument as the **PRESIDENT** of **CITYSCAPE CORP.**, a/k/a Cityscape Mortgage Corp., and delivered the same as such officer aforesaid, and that the within instrument is the voluntary act and deed of such association, made by virtue of a Resolution of its Board of Directors.

Witnesseth my hand and seal.



JERRY P. COWAN
Notary Public
STATE OF TEXAS
My Comm. Exp. 08/28/2007

_____
Notary Public

My commission expires:

## ASSIGNMENT OF JUDGMENT

To the Register or Clerk                **CITYSCAPE CORP.**,
                                        a/k/a Cityscape Mortgage Corp.,

County of                                       to

                                        **CHEROKEE SOLUTIONS, INC.**

Record and return to:

Nancy A. Washington, Esq.
SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC
One Gateway Center
13th Floor
Newark, New Jersey 07102

{00339485.DOC} Cityscape to Cherokee                          Page 2 of 2

R&R PROPOSED/RETURN TO:
Windsor Companies
191 Throckmorton Street
Freehold, NJ 07728

## Assignment of Judgment

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt and adequacy of which is hereby acknowledged, **Cherokee Resolutions, Inc.**, formerly known as Cherokee Solutions, Inc., P.O. Box 6357, East Brunswick, NJ 08816 ("**ASSIGNOR**") hereby grants, assigns, transfers and conveys to **Windsor Asset Management, Inc.**, 191 Throckmorton Street, Freehold, NJ 07728, its successors and assigns ("**ASSIGNEE**"), without recourse, all of its right, title and interest in and to that certain Judgment entered on January 2, 2001, by the United States District Court for the Southern District of New York, in the action entitled <u>Cityscape Corp. v. Walsh Securities Corp.</u>, in Civil Action No. 98-0223(SHS), granting judgment in favor of plaintiff and against defendant in the amount of $4,732,568.93.

This Assignment of Judgment shall be binding on the ASSIGNOR and ASSIGNEE and their respective successors and assigns.

This Assignment of Judgment is without recourse to ASSIGNOR in any manner whatsoever.

This Assignment of Judgment is made in accordance with and subject to the terms of a certain Asset Sale Agreement between the ASSIGNOR and ASSIGNEE dated as of February 7, 2006.

**IN WITNESS WHEREOF**, the undersigned has executed this Assignment of Judgment on this 8th day of February, 2006.

ATTEST                                              Cherokee Resolutions, Inc.

_____                             _____
Name                                                Charlotte Cohen, President

### CORPORATE ACKNOWLEDGMENT

STATE OF NEW JERSEY        :
                           : S.S.:
COUNTY OF MIDDLESEX        :

Be it remembered, that on this 8th day of February, 2006, before me, the subscriber, in and for said county, personally appeared **Charlotte Cohen**, who, I am satisfied is the person who assigned the within instrument as the **President** of Cherokee Resolutions, Inc., formerly known as Cherokee Solutions, Inc., and delivered the same as such officer aforesaid, and that the within instrument is the voluntary act and deed of such corporation, made by virtue of a Resolution of its Board of Directors.

Witnesseth my hand and seal.

_____
Maria Marquez, Notary Public
My commission expires:

**MARIA G MARQUEZ**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires Dec. 13, 2010**

## GOLDENBERG, MACKLER, SAYEGH, MINTZ, PFEFFER, BONCHI & GILL

HARRY A. GOLDENBERG (1938-2003)
KENNETH D. MACKLER***
JOSEPH BRAN SAYEGH**
LAWRENCE A. MINTZ***
MARK PFEFFER**
KEITH A. BONCHI
MICHAEL A. GILL****
MICHAEL J. MACKLER**
HOWARD J. HEALD
ALLISON F. WEINER
DAWN VAN KEUREN
FRANCIS J. BALLAK
LAUREN E. TYLER
NANCY MARTELLO

JEFFREY D. LIGHT, OF COUNSEL, APM*
MARK H. VASSER, OF COUNSEL

*ACCREDITED PROFESSIONAL MEDIATOR
IN COMMERCIAL AND DIVORCE MEDIATION
CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY IN THE FOLLOWING AREAS
** CIVIL TRIAL LAW
*** WORKERS' COMPENSATION LAW
**** MATRIMONIAL LAW

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
660 NEW ROAD, SUITE 1-A
NORTHFIELD, NEW JERSEY 08225
http://www.gmslaw.com
TAX ID #22-1980737

(609) 646-0222
FAX (609) 646-0887

Email: keith@gmslaw.com

July 17, 2006

ATLANTIC CITY OFFICE
1030 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401
(609) 344-7131
FAX
(609) 347-6024

RIO GRANDE OFFICE
THE HERALD BUILDING
1508 ROUTE 47 SOUTH, SUITE 3
RIO GRANDE, NJ 08242
(609) 886-4333
FAX
(609) 886-9441

GALLOWAY OFFICE
RISLEY SQUARE, SUITE 203
319 E. JIMMIE LEEDS ROAD
GALLOWAY, NJ 08205
(609) 404-0681
FAX
(609) 404-1886

PLEASE REPLY TO
**NORTHFIELD**

VIA NEW JERSEY LAWYERS' SERVICE

Clerk, U.S. District Court
District of New Jersey
M.L. King, Jr. Fed. Bldg. & U.S. Courthouse
50 Walnut St.
Newark, NJ 07102

RE: Cityscape Corp. v. Walsh Securities Corp.
Case No. 2:01-mc-00021-KSH (98-0223-SHS)/Judgment No. 01,0012/$4,732,568.93
Our File No. 56665-06

Dear Sir/Madam:

Enclosed herein for filing please find original and two copies of Assignment of Judgment from Cherokee Resolutions, Inc. f/k/a Cherokee Solutions, Inc. to Windsor Asset Management, Inc. in the above captioned matter.

Please file same and return a "filed" copy to the undersigned in the enclosed, self-addressed, stamped envelope. Thank you for your courtesy and cooperation.

Respectfully yours,

KEITH A. BONCHI

KAB:jab
Encl.
cc: Jay Wolfkind